IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-CR-00068-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES ANTHONY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court *sua sponte*. On March 14, 2023, the Court held a hearing to consider a Motion to Withdraw by appointed counsel David Q. Burgess (Doc. 40) and a letter submitted by Defendant (Doc. 41). Defendant was present with Mr. Burgess. Defendant is dissatisfied with Mr. Burgess' representation as well as the delay in getting his final supervised release violation hearing scheduled before the District Judge. The Court heard from Defendant, Mr. Burgess, and the Government. The Court addressed Defendant's complaints, granted the Motion to Withdraw, and directed the Federal Defender to appoint new counsel. At the conclusion of the hearing, the Court declined Defendant's request to speak further.

When Defendant continued to speak in an agitated manner, the Court directed the Marshals to remove him from the courtroom. Defendant began ranting in a loud voice, stating that the Court had just heard "a bunch of bs", that his lawyer is "a fucking liar", and "this shit makes no sense." When the Court admonished him that he would be held in contempt, he continued to interrupt in a loud voice addressing the Court as "bro."

The Court directed the Marshals to hold the Defendant and advised him that he was being held in summary criminal contempt for his profane and disruptive outburst. The Court asked if Defendant wanted to be heard before imposition of sentence. Defendant continued his rant.

The contempt powers of a United States Magistrate Judge are set forth in 28 U.S.C. § 636(e). Those powers include summary criminal contempt authority in any case before the Magistrate Judge, as well as criminal and civil contempt authority in certain civil consent and misdemeanor cases. Specifically, a Magistrate Judge's criminal contempt authority includes "the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." 28 U.S.C. § 636(e)(2). "The sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of Title 18." 28 U.S.C. § 636(e)(5). Based upon the maximum penalties for a Class C misdemeanor, any person found guilty of criminal contempt faces up to thirty days imprisonment (18 U.S.C. § 3581(b)(8)) and a $5,000.00 fine (18 U.S.C. § 3571(b)(6)). "The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed.R.Crim.P. 42(b).

Defendant's conduct occurred in the Court's presence and constituted misbehavior obstructing the administration of justice. The Court advised him that he was being held in summary criminal contempt for his profane and disruptive outburst. The Court allowed Defendant an opportunity to respond.

Based upon the foregoing, the Court finds Defendant guilty of summary criminal contempt in the presence of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§

636(e)(2) and (5). Accordingly, Defendant is committed to the custody of the Attorney General for thirty days imprisonment.

The Clerk is directed to send copies of this Order to counsel for the counsel for Defendant, the U.S. Attorney, and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: March 21, 2023

David S. Cayer
United States Magistrate Judge